UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUISE GOLDSBERRY and
CRAIG DORRIS,

    Plaintiffs,

v.    CASE NO. 8:14cv1876 27MAP

MATT WIGGINS, MICHAEL JACKSON,
MIKE SCHWIETERMAN, MEGAN BUCK,
SHELDON CANTRELL, DOMINIC HARRIS,
PATRICK COMAC, FIVE UNKNOWN
FEDERAL AGENTS, and ONE UNKNOWN
OFFICER OF THE SARASOTA POLICE
DEPARTMENT,

    Defendants.
_____/

## COMPLAINT
### JURY TRIAL DEMANDED

Plaintiffs, LOUISE GOLDSBERRY and CRAIG DORRIS, through undersigned counsel, sue Defendants, MATT WIGGINS, MICHAEL JACKSON, MIKE SCHWIETERMAN, MEGAN BUCK, SHELDON CANTRELL, DOMINIC HARRIS, PATRICK COMAC, MEGAN BUCK, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, and allege as follows:

### INTRODUCTION

1.    This is a civil rights action raising Constitutional claims under the Fourth and Fourteenth Amendments against both federal and state agents under the U.S. Constitution and pursuant to 42 U.S.C. §§ 1983 and 1988 for the unlawful and warrantless entry and search of a residence, and for the unlawful seizure of Plaintiffs' individual persons at gunpoint. Defendants,



without a warrant, probable cause, or any reasonable or particularized suspicion, recklessly invaded the sanctity of a residence and violated Plaintiffs' constitutional rights in doing so.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), for those defendants who are federal agents.

3. This is an action for damages that exceed $100,000.00 exclusive of interest, costs and attorney's fees and the venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because *inter alia* (a) at least one of the defendants resides in this judicial district and (b) at least one of the Plaintiffs resides in this district and no real property is involved in this action.

## PARTIES

4. Plaintiff LOUISE GOLDSBERRY is a resident of Sarasota County, Florida.

5. Plaintiff CRAIG DORRIS is a resident of Sarasota County, Florida.

6. Defendant, MATT WIGGINS, is a Deputy U.S. Marshal employed by the United States Marshal's Service. He is sued in his individual capacity.

7. Defendant, MICHAEL JACKSON, is a detective with the City of Sarasota Police Department. Alternatively, Defendant JACKSON is a special deputy U.S. Marshal working with a task force under the direction and control of Defendant WIGGINS. He is sued in his individual capacity.

8. Defendant, MIKE SCHWIETERMAN, is a supervisor with the City of Sarasota Police Department. He is sued in his individual capacity.

9. Defendant, SHELDON CANTRELL, is an officer with the City of Sarasota Police Department. He is sued in his individual capacity.

10. Defendant, DOMINIC HARRIS, is an officer with the City of Sarasota Police Department. He is sued in his individual capacity.

11. Defendant, PATRICK COMAC, is an officer with the City of Sarasota Police Department. He is sued in his individual capacity.

12. Defendant, MEGAN BUCK, is a detective with the City of Sarasota Police Department. She is sued in her individual capacity.

13. Defendant, ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT is an officer with the City of Sarasota Police Department. The unknown officer is sued in his or her individual capacity.

14. At all times relevant to the incidents complained of in this action, Defendants, WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, were federal law enforcement agents employed by the United States Marshal's Service acting under color of federal law.

15. Defendants, FIVE UNKNOWN FEDERAL AGENTS, are sued individually.

16. The true names of Defendants, FIVE UNKNOWN FEDERAL AGENTS and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, are unknown to Plaintiffs, and therefore, Plaintiffs sue these Defendants by such fictitious names.

17. Plaintiffs will amend their complaint to state the true names of Defendants, FIVE UNKNOWN FEDERAL AGENTS and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, after those names have been identified.

18. Further, upon information and belief, Defendants, FIVE UNKNOWN FEDERAL AGENTS, were acting under the immediate supervision of Defendant WIGGINS and pursuant to their authorization as Deputy U.S. Marshal's.

19. Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, BUCK and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, were, at all times relevant to this action, duly appointed and acting as a law enforcement officers for the City of Sarasota, Florida, and were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the City of Sarasota, and under the direction and control of the City of Sarasota.

20. Alternatively, Defendant JACKSON was duly appointed and acting in his capacity as a special federal agent on behalf of the United States Marshal's Service acting under color of federal law.

21. Upon information and belief, and at all times material, Defendants WIGGINS, JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, were present at the scene of the incident, acted together and as one entity or squad ("the squad"), and are jointly and severally responsible for the injuries and damages suffered by Plaintiffs caused by the acts alleged in this complaint.

22. All of the Defendants knew or should have known that committing the acts alleged in this complaint violated Plaintiffs' clearly established constitutional rights under the Fourth Amendment to the United States Constitution.

## FACTUAL BACKGROUND

23. On July 17, 2013, Plaintiff GOLDSBERRY was inside her residence located at 2717 Hidden Lake Boulevard, Unit B, Sarasota, Florida ("the residence").

24. On July 17, 2013, Plaintiff DORRIS was inside the residence as a guest.

25. At all times material, Defendant WIGGINS was working with the U.S. Marshal's Service Florida Regional Fugitive Task Force (RFTF) in reference to a fugitive investigation involving Kyle Riley, a wanted individual.

26. At all times material, and based on information and belief, Defendants WIGGINS, JACKSON and FIVE UNKNOWN FEDERAL AGENTS relied on an electronic device known as a Stingray or cellular site information ("CSI") in an effort to locate Mr. Riley.[1]

27. Based on information and belief, earlier in the day of July 17, 2013, Defendants WIGGINS, JACKSON and FIVE UNKNOWN FEDERAL AGENTS, unlawful seized Elliott Stiner near the Westfield Mall in Sarasota, Florida, believing him to be Mr. Riley.

28. Based on information and belief, Defendants WIGGINS, JACKSON and FIVE UNKNOWN FEDERAL AGENTS, relied on the Stingray device or CSI to justify the unlawful seizure and arrest of Mr. Stiner.

29. Despite having firsthand experience that the Stingray technology or CSI information was grossly inaccurate and had led to the unlawful seizure of law abiding citizen, Defendants WIGGINS, JACKSON and FIVE UNKNOWN FEDERAL AGENTS, relied on it a second time a short time later as the sole basis for believing Mr. Riley to be "inside one of 4 apartments at the target address," which included the residence of Plaintiff GOLDSBERRY.

30. Defendants WIGGINS, JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, approached and surrounded the residence with the intent of allowing members of the squad to

---

[1] Stingrays, also known as "cell site simulators," mimic cell service providers' towers and broadcast electronic signals that force cell phones in the area to register their identifying information and location. Stingrays collect information not only about specific targets of investigations, but also about hundreds or thousands of innocent third parties.

enter with violent force, dressed in paramilitary-style clothing, and carrying assault weapons with LED lights and a combat-style vest.

31.   Upon seeing unknown at least one individual Defendant approaching her residence with a gun pointed at her and suspecting that someone was preparing to forcefully enter the residence, Plaintiff GOLDSBERRY immediately dropped to the floor of her kitchen. Fearing an imminent attack from armed intruders, she crawled to her hallway and armed herself to defend her person and her home.

32.   Defendants WIGGINS, JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, began pounding loudly on the door of the residence and yelling loudly "open the door! Open the fucking door!"

33.   Plaintiffs asked for identification at least twice when an unknown Defendant yelled that he was the police. Plaintiffs' requests for identification were ignored.

34.   Without knocking or ringing the doorbell, Defendants WIGGINS, JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, slowly opened the door of the residence, crossed the threshold and began shining a light inside with one member of the squad calling out to others what he was seeing.

35.   At one point, Defendant WIGGINS yelled "gun, gun" when he saw Plaintiff GOLDSBERRY inside her home defending her property. Defendant WIGGINS began screaming obscenities at Plaintiff GOLDSBERRY stating "put the fucking gun down before I

shoot and kill you." Plaintiff GOLDSBERRY asked "who the fuck are you?" Defendant WIGGINS replied "I'm the fucking police."

36. Plaintiff GOLDSBERRY told the armed intruders that she was an American citizen and had the right to defend herself and her property and did not believe that any police officer would behave in such a fashion using profanity and surreptitiously entering a residence without a warrant, pointing an assault weapon at her with a blinding light.

37. Defendant WIGGINS then observed Plaintiff DORRIS standing in the kitchen and ordered him at gunpoint to exit the residence.

38. Plaintiff DORRIS immediately complied with this order as he was in great fear that he would otherwise be shot and killed.

39. Upon exiting the residence, Plaintiff DORRIS was immediately searched and handcuffed.

40. Plaintiff GOLDSBERRY continued to defend her property and her person, believing the armed intruders were not law enforcement officers and did not possess a warrant or otherwise state that they possessed a warrant to invade her home.

41. After some time elapsed, Plaintiff DORRIS was allowed to speak with Plaintiff GOLDSBERRY while standing outside the residence and informed GOLDSBERRY that they were law enforcement officers.

42. At that time, Plaintiff GOLDSBERRY placed the weapon in the hallway closet inside the residence, exited the residence and was immediately searched and handcuffed. GOLDSBERRY was interrogated as to who was inside the residence.

43. Defendants WIGGINS, JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN

OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, searched the interior of the residence.

44. At some point in time, Plaintiff DORRIS was released from handcuffs.

45. After approximately 30 minutes, Plaintiff GOLDSBERRY was released from handcuffs and allowed to reenter the residence.

46. During the course of the incident, the screen door of the residence was broken. Defendant WIGGINS later said "send me a bill."

47. Defendants WIGGINS, JACKSON SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, knew or reasonably should have known that Mr. Riley had absolutely no prior connection to the residence of Plaintiff GOLDSBERRY and that said residence was a third party residence that belonged to Plaintiff GOLDSBERRY, which required a warrant before entering under clearly established law, including the decision of the United States Supreme Court in *Steagald v. United States*, 451 U.S. 204 (1981), and *Bates v. Harvey*, 518 F.3d 1233 (11th Cir. 2008).

48. At the time of entering the residence, there were no exigent circumstances that demonstrated to an objectively reasonable police officer that an emergency existed, that any individual was in need of emergency assistance, or that there was an endangerment to life existed that required immediate assistance to protect citizens from imminent danger.

49. At no time prior to the entry into the residence did any of the Defendants or members of the RFTF have a reasonable suspicion or probable cause to believe that Mr. Riley was located inside the residence or that Mr. Riley had any prior connection to the residence or the occupants of the residence.

50. At the time Defendants WIGGINS, JACKSON SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, entered the residence, they did not have a warrant to enter or search the residence, nor did they have permission to enter the residence.

51. During the course of these events, Plaintiffs were badly frightened by the presence and conduct of Defendants WIGGINS, JACKSON SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally.

52. Defendants WIGGINS, JACKSON SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, FIVE UNKNOWN FEDERAL AGENTS, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, were aware that they did not possess a warrant, did not have probable cause or reasonable suspicion, and did not have any exigent circumstances or a valid consent that would permit entry into the residence.

## COUNT ONE

### *BIVENS* ACTIONS AGAINST FEDERAL AGENTS FOR UNREASONABLE HOME ENTRY IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

53. Plaintiffs reallege Paragraphs 1 through 52 as if fully set forth herein.

54. This count alleges a *Bivens* action against Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, in their individual capacities.

55. Plaintiffs have a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable entries and intrusions into a private dwelling by government officers.

56. By entering the residence without a valid search warrant, without consent, and without exigent circumstances, Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, violated Plaintiffs' Fourth Amendment right to be free from unreasonable entries and intrusions.

57. The actions of Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, were intentional, malicious, reckless, and reflect a callous disregard for, or indifference to, Plaintiffs' constitutional rights.

58. As a result of this unreasonable and unlawful entry and intrusion into the residence, Plaintiffs suffered harm including but not limited to loss of liberty, humiliation, and emotional distress.

59. The actions of Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, give rise to a cause of action against them under *Bivens* and the United States Constitution.

WHEREFORE, Plaintiffs demand:

    a. Judgment for compensatory damages in excess of $100,000.00;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Trial by jury as to all issues so triable; and

    e. Such other relief as this Honorable Court may deem just and proper.

## COUNT TWO

### *BIVENS* CLAIM FOR UNREASONABLE HOME SEARCH AND INDIVIDUAL SEIZURES IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

60. Plaintiffs reallege Paragraphs 1 through 52 as if fully set forth herein.

61. This count alleges a *Bivens* action against Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, in their individual capacities.

62. Plaintiffs have a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, including unreasonable searches of a residence and unreasonable seizures of the individual person by government officers.

63. By seizing Plaintiffs and searching the residence without a valid search warrant, without consent, and without exigent circumstances that would render such searches and seizures reasonable, Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures.

64. The actions of Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, were intentional, malicious, reckless, and reflect a callous disregard for, or indifference to, Plaintiffs' constitutional rights.

65. As a result of the unreasonable and unlawful search of the residence and seizure of their persons, Plaintiffs suffered harm including but not limited to loss of liberty, humiliation, and emotional distress.

66. The actions of Defendants WIGGINS and FIVE UNKNOWN FEDERAL AGENTS, acting jointly and severally, give rise to a cause of action against them under *Bivens* and the United States Constitution.

WHEREFORE, Plaintiffs demand:

a. Judgment for compensatory damages in excess of $100,000.00;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just and proper.

## COUNT THREE

### § 1983 CLAIM AGAINST STATE AGENTS FOR UNREASONABLE HOME ENTRY IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

67. Plaintiffs reallege Paragraphs 1 through 52 as if fully set forth herein.

68. This count alleges an action under 42 U.S.C. § 1983 against Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, in their individual capacities.

69. Plaintiffs have a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable entries and intrusions into a private dwelling by government officers.

70. By entering the residence without a valid search warrant, without consent, and without exigent circumstances, Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA

POLICE DEPARTMENT, acting jointly and severally, violated Plaintiffs' Fourth Amendment right to be free from unreasonable entries and intrusions.

71. The actions of Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, were intentional, malicious, reckless, and reflect a callous disregard for, or indifference to, Plaintiffs' constitutional rights.

72. As a result of this unreasonable and unlawful entry and intrusion into the residence, Plaintiffs suffered harm including but not limited to loss of liberty, humiliation, and emotional distress.

73. The actions of Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, give rise to a cause of action against them under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

74. Plaintiffs have agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiff demands:

    a. Judgment for compensatory damages in excess of $100,000.00;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and proper.

## COUNT FOUR

### § 1983 CLAIM AGAINST STATE AGENTS FOR UNREASONABLE HOME SEARCH AND INDIVIDUAL SEIZURES IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

75. Plaintiffs reallege Paragraphs 1 through 52 as if fully set forth herein.

76. This count alleges an action under 42 U.S.C. § 1983 action against Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, in their individual capacities.

77. Plaintiffs have a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, including unreasonable searches of a residence and unreasonable seizures of the individual person by government officers.

78. By seizing Plaintiffs and searching the residence without a valid search warrant, without consent, and without exigent circumstances that would render such searches and seizures reasonable, Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures.

79. The actions of Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, were intentional, malicious, reckless, and reflect a callous disregard for, or indifference to, Plaintiffs' constitutional rights.

80. As a result of the unreasonable and unlawful search of the residence and seizure of their persons, Plaintiffs suffered harm including but not limited to loss of liberty, humiliation, and emotional distress.

81. The actions of Defendants JACKSON, SCHWIETERMAN, BUCK, CANTRELL, HARRIS, COMAC, and ONE UNKNOWN OFFICER OF THE SARASOTA POLICE DEPARTMENT, acting jointly and severally, give rise to a cause of action against them under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

82. Plaintiffs have agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiffs demand:

a. Judgment for compensatory damages in excess of $100,000.00;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and proper.

Dated: July 25, 2014

/s/ *Andrea Flynn Mogensen*
ANDREA FLYNN MOGENSEN, Esquire
Law Office of Andrea Flynn Mogensen, P.A.
200 South Washington Blvd., Suite 7
Sarasota, FL 34236
Telephone: 941-955-1066
Fax: 941-866-7323
Florida Bar No. 0549681
amogensen@sunshinelitigation.com